## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

GERALD E. BROCKINGTON,      :
           :

        Plaintiff,     :
           :

        vs.      :     CASE NO. 5:14-CV-163-MTT-CHW
           :       42 U.S.C. § 1983

GEORGIA DEP'T. OF CORRECTIONS,:
SGT. DUNKIN, UNIT MNGR.    :
WARREN, DEP. WARDEN JORDAN, :
           :

        Defendants.    :
_____

### ORDER AND RECOMMENDATION

Plaintiff Gerald Brockington has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, while confined at Georgia State Prison.  Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on his submissions, the undersigned finds that Plaintiff is currently unable to pre-pay the entire filing fee.  Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is thus **GRANTED**.

This does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee  using the payment plan described in 28 U.S.C. § 1915(b).  The filing fee is not refundable, regardless of the outcome of Plaintiff's case, and Plaintiff is responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a Defendants who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the Defendants fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by

attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallaposa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  ANALYSIS OF CLAIMS

In his complaint, Plaintiff sues the Georgia Department of Corrections ("GDOC"), and Baldwin State Prison ("Baldwin") employees Sargent Dunkin, Unit Manager Warren, and Deputy Warden Jordan. (Compl. 1; Doc. 1.) Plaintiff alleges that on September 17, 2013, while Plaintiff was incarcerated at Baldwin, "two gangs got into a stabbing fight while over fifty inmates were walking to chow." Plaintiff states that by the time officials and the CERT team arrived, he had gotten away for safety and stood near Officer Ratliff.[1] Plaintiff contends that once the incident was contained and there was no longer a threat,

---

[1] Officer Ratliff is not named as a Defendant in this case.

Unit Manager Warren instructed Officer Ratliff to "spray me for no reason."  Plaintiff alleges that Officer Ratliff did not understand why, but complied with Unit Manager Warrens order.  Plaintiff asserts he then got on the ground to be handcuffed, asked why he was sprayed, stated that he was having problems breathing, and asked for medical attention.  Plaintiff contends his request for medical attention was denied, and he was threatened by CERT team Sargent Dunkin, who told him to "shut up before he come beat my ass."  Plaintiff states that he continued to ask why Sargent Dunkin would assault him since he was not involved, and Sargent Dunkin hit him with a riot stick.  Plaintiff continued to ask for medical attention and was sprayed with a chemical agent by Sargent Dunkin.   Again, Plaintiff asked for medical attention, and Sargent Dunkin returned stating that if Plaintiff did not shut up, he would kick Plaintiff's teeth out.  Sargent Dunkin then kicked Plaintiff in the arm and took him outside to the grass where the pavement was over 100 degrees.  Plaintiff avers that Sargent Dunkin actions were done maliciously and sadistically to cause him harm.  Plaintiff then asserts that Officer Jordan and Unit Manager Warren looked at him and laughed and told Sargent Dunkin to spray him again.  Plaintiff contends that after an hour watching him suffer, Plaintiff was taken for medical treatment.  Plaintiff asserts that the conduct of the Defendants violated his Eighth Amendment rights to be free of excessive force and cruel and unusual punishment.  Plaintiff further alleges that his due process rights were violated and that he was "shipped and put on lockdown maliciously and unreasonably to cause harm as [] retaliation."

Plaintiff asks that criminal charges be filed against Sargent Dunkin for aggravated assault, and conspiracy charges to be filed on "each officer that conspired in the assault." Plaintiff further seeks $75,000 in compensatory damages for pain and suffering. Plaintiff would also like for each officer to submit to a polygraph examination.  Lastly, Plaintiff asks to be "taken off lockdown" and shipped out of Georgia State Prison.[2]

### A.    First Amendment Claims

Plaintiff makes a somewhat nebulous claim that the Defendants conspired to retaliate against him without further explanation.  The Eleventh Circuit has recently held that "[a]n inmate raises a First Amendment claim of retaliation if he shows that the prison official disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment." *Smith v. Governor for Alabama*, --- F. App'x ---, 2014 WL 1303920, *6 (11th Cir. 2014).  "For a prisoner to state a First Amendment retaliation claim under § 1983, the prisoner must establish: (1) that his speech or act was constitutionally protected; (2) that the Defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on the speech." *Thomas v. Lawrence*, 421 F. App'x 926, 928 (11th Cir. 2011) (citing *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)).  To prevail on the retaliation claim, the adverse action that the prisoner suffered as a result of a prison official's retaliation must be such that it "would likely deter a person of ordinary firmness from engaging in such speech." *Smith v. Mosley,* 532 F.3d 1270, 1276 (11th Cir. 2008).

---

[2] The alleged incident took place at Baldwin State Prison.  Plaintiff fails to provide any explanation as to why he would need to be transferred out of Georgia State Prison.

"The causal connection inquiry asks whether the Defendants were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement." *Id.* at 1278 (citation omitted).  Furthermore, "[a] prisoner's complaint must contain enough facts to state a claim of retaliation by prison officials that is plausible on its face."  *Smith v. Sec.'y, Florida Dep't. of Corrections*, 358 F. App'x 60, 63 (11th Cir. 2009) (internal quotation omitted).

In this case, construed liberally, Plaintiff's complaint asserts that the Defendants conspired to have him "shipped and put on lockdown … as a retaliation."   However, the Eleventh Circuit has held that a vague claim of retaliation does not survive preliminary review.  *See Rosa v. Fla. Dep't of Corr.*, 572 F. App'x 710, 716 (11th Cir. 2013) ("threadbare assertions of alleged constitutional violations, without further factual support, are insufficient to state a claim for relief.") (citation omitted).  Furthermore, "[t]he relevant showing . . . must be more than the prisoner's personal belief that he is the victim of retaliation."  *Hempstead v. Carter*, 2006 WL 2092383 (N.D. Fla., July 26, 2006) (citing Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997)).

Plaintiff has alleged no factual assertions regarding his retaliation claim, and has provided only a conclusory statement that Defendants retaliated against him.  Thus, it is **RECOMMENDED** that any claim for a violation of Plaintiff's First Amendment rights be **DISMISSED.**  Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

### B.        Eighth Amendment Claims

Construing Plaintiff's allegations in his favor, the Court concludes that Plaintiff has alleged colorable constitutional claims against Defendants Dunkin, Warren, and Jordan for violations of his Eighth Amendment.  As to his claims against the GDOC, the Eleventh Circuit has held that suits against the GDOC are barred by the Eleventh Amendment.  *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989).  Consequently, it is **RECOMMENDED** that GDOC be **DISMISSED** from this action.  Pursuant to 28 U.S.C. 636(b)(1), Plaintiff may serve and file written objections to the **RECOMMENDATIONS** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

## ORDER OF SERVICE

It is hereby **ORDERED** that service be made on Defendants Dunkin, Warren, and Jordan as to his Eighth Amendment claims, and that the Defendants file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall, at all times, keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by

the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

<u>**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**</u>

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

10

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED and RECOMMENDED**, this 10th day of June, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

11